Wilder, J.
In the court below the plaintiff claimed the right to recover, first, on the strength of his chattel mortgage, and, that failing, secondly, on the ground that in an action of replevin still pending in Williams county, in his favor against *185 the constable, Azel Lake, he had caused the property to be replevied, and had given an undertaking in conformity with all the requirements of the law. The defendant claimed that the plaintiff, if he failed on his chattel mortgage, by reason of it being found to be fraudulent and void as against the creditors of Delos S. Crittenden, could take nothing by virtue of his proceeding in replevin against the constable, Azel Lake; and this latter seems to have been the view of the court below, and so its charge must have been understood by the jury.
In the ease of Smith v. McGregor, 10 Ohio St. Rep. 461, this court established the principle, that when one claiming the right of property and of possession to personal property, brings replevin against the person having the actual possession, and claiming property in the goods, causes the goods to be seized, and delivered to him, and giving a bond, with surety, as required by the statute, “ the bond takes the place of the property to the extent of the interest of the defendant in replevin,” and to that extent the plaintiff in replevin becomes invested with the property. Assuming that the chattel mortgage of the plaintiff was fraudulent and void as against creditors, the horse in controversy was subject to levy, as the property of Delos S. Crittenden, the judgment debtor. The constable, Lake, by virtue of his levy, acquired the right of possession, and a qualified property in the horse, an interest to the extent of the amount of his execution. If the plaintiff, in his action of replevin, caused the horse to be seized and delivered to him, or Delos, as his agent, and gave a bond such as is required by the statute, the right of possession, and the qualified property and interest, which Lake had acquired by his levy, passed to and became vested in the plaintiff. As the rights of Lake were paramount to any to be acquired by a subsequent levy, so, after his replevin and giving bond, the plaintiff s rights were paramount to any acquired by the subsequent levy by the sheriff of Williams county.
It is claimed in argument by the defendant’s counsel, that, inasmuch as “ fraud vitiates all that it touches,” although, as between the parties in the original action of replevin “ the plaintiff s bond took the place of the property,” yet the plain *186 tiff acquired nothing, as against the other creditors. We do not think so. This .would be extending the consequences of his original fraudulent claim, to manifest injustice. The other creditors are not sufferers or prejudiced by that claim. Whatever interest remained above what was necessary to satisfy the execution first levied, could be reached by them as well as though the horse had continued in the hands of the constable. They could levy their executions, and in a proper mode make such levies available. If, therefore, the sheriff of Williams county could legally seize the horse, and sell and convey any interest in him, the title and interest conveyed to the purchaser would be subject to the plaintiff’s paramount claim.
But could the sheriff legally take the possession from the plaintiff, and sell and convey so as give the purchaser a right of possession as against the plaintiff? This latter question it is not necessary for us to decide in determining the case as submitted to us; but, as this question may arise on the retrial, we have considered it, and we, or at least a majority of the court, are of opinion that he could not. Had the horse remained in the possession of the constable, it is clear that the sheriff could not have taken him out of the constable’s hands, and, as the plaintiff acquired the same right of possession, qualified property and interest, that the constable had, neither could the sheriff take him from the plaintiff’s possession; nor could the purchaser at the sheriff’s sale, acquire a title protecting him against the plaintiff’s superior claim. The action of replevin was a rightful remedy for the plaintiff against the sheriff while the horse was in his possession, and against the purchaser after the sale and delivery to him.
The judgment of the common pleas must be reversed and the cause remanded.
Peck, C J., and Brinkerhoee and Scott, JJ., concurred.
Ranney, J., concurred in the reversal of the judgment, but dissented from the 3d proposition in the syllabus.